UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Timothy Orlando Royster**
S.S. No.: xxx-xx-8270
Mailing Address: 411 Pineland Avenue, Durham, NC 27704-

Case No. 12-81359

Debtor.

# NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor has filed for relief under Chapter 13 of the United States Bankruptcy Code on September 13, 2012.

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay, you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include a proof of claim form.

A creditor must timely file a proof of claim with the Trustee in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

Attached is a copy of the Debtor's proposed Chapter 13 Plan consisting of 2 documents entitled: (1) Chapter 13 Plan and (2) Ch. 13 Plan - Debts Sheet (Middle). This is the same Plan that has already been filed with the Court.

Dated: September 17, 2012

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s John T. Orcutt
_____
John T. Orcutt
N.C. State Bar No. 10212
Counsel for the Debtor
6616-203 Six Forks Road
Raleigh, NC 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: postlegal@johnorcutt.com

circular.wpt (rev. 4/2/12)

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
Timothy O. Royster

PROPOSED CHAPTER 13 PLAN

Social Security No.: xxx-xx-8270

Case No. _____
Chapter 13

Address: 411 Pineland Avenue, Durham, NC 27704

Debtor.

The Debtor proposes an initial plan, which is subject to modification, as follows:

This document and the attached **CH. 13 PLAN - DEBTS SHEET (MIDDLE)** shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document. The terms and conditions of this proposed plan shall control and apply except to the extent that they contradict the terms and conditions of the order confirming the Chapter 13 plan entered by this Court in this case:

1. **Payments to the Trustee**: The Debtor proposes to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration. See "**PROPOSED PLAN PAYMENT**" section for amount of monthly payment and the duration. Actual duration will be determined in accordance with the provisions set forth in the Paragraph 2 below.

2. **Duration of Chapter 13 Plan**: at the earlier of, the expiration of the Applicable Commitment Period or the payment to the Trustee of a sum sufficient to pay in full: (A) Allowed administrative priority claims, including specifically the Trustee's commissions and attorneys' fees and expenses ordered by the Court to be paid to the Debtor's Attorney, (B) Allowed secured claims (including but not limited to arrearage claims), excepting those which are scheduled to be paid directly by the Debtor "outside" the plan, (C) Allowed unsecured priority claims, (D) Cosign protect consumer debt claims (only where the Debtor proposes such treatment), (E) Post-petition claims allowed under 11 U.S.C. § 1305, (F) The dividend, if any, required to be paid to non-priority, general unsecured creditors (not including priority unsecured creditors) pursuant to 11 U.S.C. § 1325(b)(1)(B), and (G) Any extra amount necessary to satisfy the "liquidation test" as set forth in 11 U.S.C. § 1325(a)(4).

3. **Payments made directly to creditors**: The Debtor proposes to make regular monthly payments directly to the following creditors: See "**RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN**" section. It shall not be considered a violation of the automatic stay if, after the bankruptcy filing, a secured creditor sends to the Debtor payment coupon books or monthly payment invoices with respect to debts set forth in this section of the plan.

4. **Disbursements by the Trustee**: The Debtor proposes that the Trustee make the following distributions to creditors holding allowed claims, after payment of costs of administration as follows: See "**INSIDE PLAN**" section. More specifically:

    a. The following secured creditors shall receive their regular monthly contract payment: See "**LTD - Retain / DOT on Principal Res./Other Long Term Debts**" section. At the end of the plan, the Debtor will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.

    b. The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "**Arrearage Claims**" section.

    c. The following creditors have partially secured and partially unsecured claims. The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "**STD - Retain/Secured Debts (Paid at FMV)**" and "**Secured Taxes**" sections.

    d. The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "**STD - Retain / Secured Debts & 910 Vehicles (Pay 100%)**" section.

    e. The following priority claims shall be paid in full by means of deferred payment: See "**Unsecured Priority Debts**" section.

    f. The following co-signed claims shall be paid in full, plus interest at the contract rate, by means of deferred payments: See "**Cosign Protect Debts (Pay 100%)**" section.

    g. After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed, general unsecured, non-priority claims. See "**General Unsecured Non-Priority Debts**" section.

5. **Property to be surrendered**: The Debtor proposes to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See "**SURRENDER COLLATERAL**" section. Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further disbursement from the trustee. Any personal property serving as collateral for a secured claim which is surrendered, either in the confirmation order or by other court order, which the lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.

6. **Executory contracts**: The Debtor proposes to assume all executory contracts and leases, except those specifically rejected. See

"REJECTED EXECUTORY CONTRACTS / LEASES" section.

7. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retains and reserves for himself and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that he could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

8. **Standing for Consumer Rights Causes of Action**: Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

9. **Termination of Liens**: Upon the full payment of a secured party's underlying debt determined under non-bankruptcy law or the granting of a discharge pursuant to 11 U.S.C. § 1328, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the property securing said claim. In the case of a motor vehicle, said secured creditor shall execute a release on the title thereto in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor or the Debtor's Attorney. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply. This provision may be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for herein.

10. **Jurisdiction for Non-Core Matters**: Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. § 157(c)(2).

11. **Obligations of Mortgagors**: Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to:
    a. Pursuant to 11 U.S.C. § 1326, adequate protection payments shall not be made on allowed secured claims secured by real property prior to confirmation. This provision shall not preclude such a claim-holder from requesting additional adequate protection pursuant to 11 U.S.C. § 362(d);
    b. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee only to the pre-petition arrears provided for in the confirmed plan;
    c. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be;
    d. Apply all post-petition payments received from the Chapter 13 Trustee under the plan as the same is designated by the Trustee, to the post-petition mortgage obligations of the Debtor for the actual months for which such payments are designated;
    e. Apply all post-petition payments received directly from the Debtor to the post-petition mortgage obligations due;
    f. Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;
    g. Refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing;
    h. Refrain from the imposition of any legal or paralegal fees or similar charges incurred following confirmation without prior approval of the Bankruptcy Court after notice and hearing;
    i. Pursuant to 12 U.S.C. § 2609, 15 U.S.C. § 1602, and all other applicable state, federal and contractual requirements, promptly notify the Debtor, the Debtor's Attorney and the Chapter 13 Trustee of any adjustment in the on-going payments for any reason, including, without limitation, changes resulting for Adjustable Rate Mortgages and/or escrow changes. The Debtor specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362;
    j. Pursuant to 11 U.S.C. § 524 and all other applicable state and federal laws, verify, at the request of the Debtor, Debtor's Attorney or Chapter 13 Trustee, that the payments received under the confirmed plan were properly applied;
    k. Pursuant to N.C.G.S. § 45-91 and all other applicable state, federal and contractual requirements notify the Debtor, the Debtor's Attorney and the Chapter 13 Trustee with notice of the assessment of any fees, charges etc. The Debtor specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362; and
    l. This provision of this plan may be enforced in a proceeding filed before the Bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims herein.

12. **Arbitration**: Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the Debtor herein during the pendency of this case.

13. **Post-petition tax claims**: The Debtor's plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. § 1305 (b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim would have on the feasibility of the Debtor's Chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the Debtor's plan to provide for full payment of any allowed post-petition tax claim shall only occur after the filing of a motion requesting a modification of the plan to that effect.

14. **Offers in Compromise**: The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtor was not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction in the plan payment is feasible.

15. **Adequate Protection Payments**: The Debtor proposes that all pre-confirmation adequate protection payments be paid as follows:
    a. Not later than 30 days after the date of the order for relief, the Debtor shall commence paying directly to the lessor all payments scheduled in a lease of personal property or portion thereof that become due after the said order for relief. Absent a timely objection to confirmation of the proposed plan, it shall be presumed that the Debtor has made such payments as required by 11 U.S.C. § 1326(a)(1)(B) of the Bankruptcy Code.
    b. All pre-confirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(c) payable to a creditor holding an allowed claim secured by personal property, to the extent that the claim is attributable to the purchase of such property by the Debtor shall be disbursed by the Chapter 13 Trustee.
    c. Each creditor entitled to receive a pre-confirmation adequate protection payment pursuant to 11 U.S.C. § 1326(a)(1)(c) shall be paid each month the amount set forth in the column entitled "Adequate Protection". These amounts shall equal **1.00%** of the FMV of the property securing the corresponding creditor's claim **or** the monthly amount necessary to amortize the claim (computed at the Trustee's interest rate) over the life of the plan, whichever is less.
    d. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted to the recipient.
    e. All adequate protection payments disbursed by the Chapter 13 Trustee shall be subject to an administrative fee in favor of the Trustee equal to the Trustee's statutory percentage commission then in effect, and the Trustee shall collect such fee at the time of the distribution of the adequate protection payment to the creditor.
    f. All adequate protection payments disbursed by the Chapter 13 Trustee shall be made in the ordinary course of the Trustee's business from funds in this case as they become available for distribution.
    g. No adequate protection payment to a creditor who is listed in the plan as a secured creditor shall be required until a proof of claim is filed by such creditor which complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure.
    h. The Trustee shall not be required to make pre-confirmation adequate protection payments on account of any claim in which the collateral for such claim is listed in the plan as having a value of less than $2,000.00.
    i. The names, addresses and account numbers for each secured creditor entitled to receive a pre-confirmation adequate protection payment as set forth on Schedule D filed in this case are incorporated herein, as if set forth herein at length.
    j. Adequate protection payments shall continue until all unpaid Debtor's Attorney's fees are paid in full.

16. **Interest on Secured Claims**:
    a. Arrearage: No interest shall accrue on any arrearage claim.
    b. Secured Debts Paid at FMV: The lesser of Trustee's interest rate (set pursuant to *In re Till*) and the contract interest rate.
    c. Secured Debts Paid in Full:
        i. Regarding "910 vehicle" claims: Pursuant to 11 U.S.C. §1322, interest only to the extent that the value, as of the effective date of the plan (hereinafter the "Time Value"), of the motor vehicle exceeds the amount of the claim. The Time Value shall be the total of the payments to amortize the FMV of the motor vehicle, defined as 90% of the N.A.D.A. Retail, at the Trustee's interest rate over the total length of the Chapter 13 plan.
        ii. All other secured claims: The lesser of the Trustee's interest rate and the contract interest rate.

17. **Debtor's Attorney's Fees**: In the event that the Trustee has, at the time of Confirmation, funds in excess of any amounts necessary to make adequate protection payments to holders of allowed secured claims for personal property, specifically excluding payments for real property due between the filing of the petition and Confirmation, all such funds shall be paid towards unpaid Debtor's Attorney's fees.

18. **Non-Vesting:** Property of the estate shall NOT re-vest in the Debtor upon confirmation of the Chapter 13 plan.

19. **Real Estate Taxes** Real estate taxes that are paid by the Debtor through an escrow account as part of any direct mortgage payment, or as part of a conduit payment made by the Trustee, shall continue to be paid by the Debtor through such escrow account and shall be disbursed by the servicer from such escrow account. They shall not be made separately by the Trustee.

20. **Transfer of Mortgage Servicing**: Pursuant to 12 U.S.C. § 2605(f), in the event that the mortgage servicing for any of the Debtor's mortgages is transferred during this case, notice of such transfer of service shall be provided to the Debtor, the Debtor's Attorney and the Chapter 13 Trustee within thirty (30) days. Such notice shall include the identity of the new servicer, the address and a toll-free

telephone number for the new servicer, instructions on whom to contact with authority regarding such servicing, and the location where the transfer of mortgage servicing is recorded.

21. **401K Loans**: Upon payment in full of a 401K plan loan, the Debtor shall increase Debtor's 401K plan contributions by an amount equal to the amount that was being paid on said 401K loan.
22. **Non-Disclosure of Personal Information**: Pursuant to NCGS 75-66 and other state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitations, all creditors listed in the schedules filed in this case.
23. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

### Definitions

**LTD:** Long Term Debt and refers to both: (1) Debts which cannot be modified due to 11 U.S.C. § 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment.

**STD:** Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months.

**Retain:** Means the Debtor intends to retain possession and/or ownership of the collateral securing a debt.

**910:** Means and refers to the purchase money security interest portion of a claim secured by a motor vehicle, where the motor vehicle was acquired within 910 days before the filing of the bankruptcy case for the personal use of the Debtor.

**Sch D #:** References the number of the secured debt as listed on Schedule D.

**Int. Rate:** Means Interest Rate to be paid a secured claim.

Dated: September 13, 2012

                                                                              s/ Timothy O. Royster
                                                                              Timothy O. Royster

(rev. 1/19/12)

## CH. 13 PLAN - DEBTS SHEET
### (MIDDLE DISTRICT - DESARDI VERSION)

| Date: | 6/29/12 |
|---|---|
| Lastname-SS#: | Royster-8270 |

### RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN

| | Creditor Name | Sch D # | Description of Collateral |
|---|---|---|---|
| Retain | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SURRENDER COLLATERAL

| Creditor Name | Description of Collateral |
|---|---|
| | |
| | |
| | |
| | |
| | |

### ARREARAGE CLAIMS

| | Creditor Name | Sch D # | Arrearage Amount | (See †) |
|---|---|---|---|---|
| Retain | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | Bank of America | | $15,454 | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |

### REJECTED EXECUTORY CONTRACTS/LEASES

| Creditor Name | Description of Collateral |
|---|---|
| | |
| | |
| | |
| | |
| | |

### LTD - DOT ON PRINCIPAL RESIDENCE & OTHER LONG TERM DEBTS

| | Creditor Name | Sch D # | Monthly Contract Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | Bank of America | | $663 | N/A | n/a | $663.00 | House and Land |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |

### STD - SECURED DEBTS @ FMV

| | Creditor Name | Sch D # | FMV | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |

### STD - SECURED DEBTS @ 100%

| | Creditor Name | Sch D # | Payoff Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |

| ATTORNEY FEE (Unpaid part) | Amount |
|---|---|
| Law Offices of John T. Orcutt, P.C. | $3,835 |

| SECURED TAXES | Secured Amt |
|---|---|
| IRS Tax Liens | |
| Real Property Taxes on Retained Realty | |

| UNSECURED PRIORITY DEBTS | Amount |
|---|---|
| IRS Taxes | |
| State Taxes | $3,216 |
| Personal Property Taxes | |
| Alimony or Child Support Arrearage | |

| CO-SIGN PROTECT (Pay 100%) | Int.% | Payoff Amt |
|---|---|---|
| All Co-Sign Protect Debts (See*) | | |

| GENERAL NON-PRIORITY UNSECURED | | Amount** |
|---|---|---|
| DMI= | None($0) | None($0) |

### PROPOSED CHAPTER 13 PLAN PAYMENT

$ **$1,101** per month for **60** months

**Adequate Protection Payment Period**

Adequate Protection payments shall continue for approximately: **9** months or until the attorney fee is paid.

**Codes:**
Sch D # = The number of the secued debt as listed on Schedule D.
Adequate Protection = Monthly 'Adequate Protection' payment amt.
† = May include up to 3 post-petition payments.
* Co-sign protect on all debts so designated on the filed schedules.
** = Greater of DMI x ACP or EAE                    (Page 4 of 4)
Ch13Plan_MD_(DeSardi Version 1/6/12) © LOJTO

### Other Miscellaneous Provisions

Plan to allow for 3 "waivers".

Case 12-81359   Doc 1   Filed 09/13/12   Page 27 of 65

# CERTIFICATE OF SERVICE

I, Charlene Ennemoser, the undersigned, certifies that a copy of the foregoing **NOTICE TO CREDITORS AND PROPOSED PLAN** was served by automatic electronic noticing upon the following Trustee:

Richard M. Hutson, II
Chapter 13 Trustee

and was also served by first class U.S. mail, postage prepaid, to the following parties at their respective addresses:

**All the creditors set forth on the mailing matrix filing in this case.**

/s Charlene Ennemoser
Charlene Ennemoser

| | | |
|---|---|---|
| Employment Security Commission<br>Attn: Benefit Payment Control<br>Post Office Box 26504<br>Raleigh, NC 27611-6504 | North Carolina Dept. of Revenue**<br>Post Office Box 1168<br>Raleigh, NC 27602-1168 | GECRB/Lowe's<br>Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 |
| Credit Bureau<br>Post Office Box 26140<br>Greensboro, NC 27402 | AT&T*<br>PO BOX 105503<br>Atlanta, GA 30348-5503 | GEMB/Lowes***<br>Attn: Bankruptcy Dept.<br>PO Box 103104<br>Roswell, GA 30076 |
| NC Child Support<br>Centralized Collections<br>Post Office Box 900006<br>Raleigh, NC 27675-9006 | Bank of America Home Loans**<br>Customer Service<br>PO Box 5170<br>Attn: Managing Agent<br>Simi Valley, CA 93062-5170 | Internal Revenue Service (MD)**<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |
| Equifax Information Systems LLC<br>P.O. Box 740241<br>Atlanta, GA 30374-0241 | Brock & Scott PLLC **<br>5431 Oleander Drive<br>Suite 200<br>Wilmington, NC 28403-5835 | Macy's****<br>Bankruptcy Processing<br>P.O. Box 8053<br>Mason, OH 45040 |
| Experian<br>P.O. Box 2002<br>Allen, TX 75013-2002 | Capital Management Services Inc.<br>726 Exchange Street<br>Suite 700<br>Buffalo, NY 14210 | NC Department of Justice<br>for NC Department of Revenue<br>Post Office Box 629<br>Raleigh, NC 27602-0629 |
| Trans Union Corporation<br>P.O. Box 2000<br>Crum Lynne, PA 19022-2000 | Coll Co***<br>700 Long Water Drive<br>Norwell, MA 02061 | NC Department of Revenue<br>c/o Reginald S. Hinton<br>Post Office Box 25000<br>Raleigh, NC 27640-5000 |
| ChexSystems<br>Attn: Consumer Relations<br>7805 Hudson Road, Ste. 100<br>Woodbury, MN 55125 | Dick Patton Realty **<br>3115 Guess Road<br>Durham, NC 27704 | North Carolina Dept of Revenue**<br>Post Office Box 1168<br>Raleigh, NC 27602-1168 |
| Internal Revenue Service (ED)**<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Durham County Tax Collector<br>Post Office Box 3397<br>Durham, NC 27701 | Precision Recovery Analytics, Inc.<br>C/o Paragon Way, Inc.<br>2101 W. Ben White Blvd.<br>Ste 103<br>Austin, TX 78704 |
| US Attorney's Office (ED)**<br>310 New Bern Avenue<br>Suite 800, Federal Building<br>Raleigh, NC 27601-1461 | Federal Housing Authority**<br>Department of HUD<br>1500-401 Pine Croft Road<br>Greensboro, NC 27407 | Redline Recovery<br>PO Box 1022<br>Fort Mill, SC 29716-1022 |

Regional Acceptance
Post Office Box 830913
Attn: Managing Agent
Birmingham, AL 35283

Regional Finance
4011-123 Capital Blvd.
Raleigh, NC 27604

The Law Offices of John T. Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615

US Attorney's Office   (MD)**
Middle District
Post Office Box 1858
Greensboro, NC 27502-1858

Verizon Wireless
5165 Emerald Pkwy
Dublin, OH 43017